UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVLYN HOWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:09-CV-1999 |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This action is before the court upon the petition of Missouri state prisoner Devlyn Howard for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. #1.) Respondent Troy Steele filed a response. (Doc. # 11.) The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (Doc. 18.) For the reasons set forth below, the undersigned recommends that the petition for a writ of habeas corpus be denied.

**I.
BACKGROUND**

Howard was charged as a prior and persistent offender with robbery in the first degree, Mo. Rev. Stat. § 569.020, a class A felony; unlawful use of a weapon, § 571.030, a class D felony; and resisting arrest, § 575.150, a class D felony. Res. Ex. A. The charges arose from the events of October 14, 2004. Res. Ex. I at 79-80. That night, Howard approached the two victims, Eric Sheets and Joe Groves, while they were talking in a parking lot. Res. Ex. F at 2. The victims believed that Howard was carrying a gun because he kept his hand tucked inside his waistband. *Id.* at 2-3. Howard asked if they had any money and ordered them to empty their pockets. *Id.* He searched Sheets' car and removed some possessions before allowing the victims

1

to leave. *Id*. The victims reported the robbery to the police at approximately eleven o'clock in the evening. *Id.* at 4. At approximately four o'clock the next morning, police stopped Howard for questioning because he matched the description of the robber. *Id*. at 4. Police found Sheets' cell phone in Howard's pocket and, after a struggle, arrested him. *Id*. at 4-5. Police found a knife and a piece of asphalt on Howard's person, as well. *Id.* at 5. Further relevant facts will be set forth in the discussion of each ground raised by Howard.

The jury was instructed on robbery in the first degree, unlawful use of a weapon, and resisting arrest. *Id*. at 6. The court refused to instruct the jury on the lesser included offense of robbery in the second degree. *Id*. The jury found Howard guilty of the three offenses on September 15, 2006. Res. Ex. I at 80. The judge sentenced Howard as a persistent offender to concurrent prison terms of twenty-five years for robbery in the first degree, seven years for unlawful use of a weapon, and seven years for resisting arrest. *Id.* On direct appeal, the Missouri Court of Appeals affirmed Howard's convictions. Res. Ex. F. Howard then filed a Rule 29.15 motion for post-conviction relief, which was denied. Res. Ex. J, at 2. The denial of Howard's motion was upheld on appeal. *Id.* at 6.

In his petition for a writ of habeas corpus, Howard raises four grounds for relief, two of which were presented to the Missouri Court of Appeals.[1] First, Howard claims the motion court erred in denying an ineffective assistance of counsel claim when trial counsel failed to call a material witness. (Doc. 1 at 5.) Second, Howard claims there was a conflict of interest with his trial counsel. (Doc. 1 at 6.) Third, Howard claims the trial court erred when it refused to instruct the jury on robbery in the second degree because there was evidence to acquit on robbery in the

---

[1] Ground 3 raised by Howard in his petition for a writ of habeas corpus was presented to the Missouri Court of Appeals in Howard's direct appeal. *See* Res. Ex. F. Ground 1 was presented to the Missouri Court of Appeals in Howard's post-conviction relief appeal. *See* Res. Ex. J.

first degree. (Doc. 1 at 8.) Fourth, Howard claims his trial counsel was ineffective. (Doc. 1 at 10.)

## II.
## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(d)(2).

In order for a claim to be considered to have been adjudicated on the merits by a state court, "the state court's decision must be a judgment—an adjudication—on a substantive issue—the merits (as compared with a procedural or technical point)." *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004), *cert. denied*, 543 U.S. 1189 (2005). Beyond these two considerations, "no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits." *Id.* Therefore, federal courts "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court." *Id.*

Under § 2254(d)(1), "the phrase 'clearly established Federal law' . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the

3

relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (noting that the statutory phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision" ). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or applied unreasonably. *Evenstad v. Carlson,* 470 F.3d 777, 783 (8th Cir. 2000). (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006)); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000). "When the federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1)." *Evenstad*, 470 F.3d at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir. 2002)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13; *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). The writ will not issue merely because the federal court concludes that the relevant state court decision erroneously or incorrectly applied clearly established federal law. *Williams,* 529 U.S. at 411. "[E]ven if the

federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry*, 532 U.S. at 792-93 (citing *Williams*, 529 U.S. at 410-11).

The Supreme Court has recognized that in determining whether a state court reasonably applied clearly established federal law, habeas courts must consider the specificity of the rule at issue. The court explained in *Yarborough v. Alvarado*:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) (Kennedy, J., concurring in judgment). The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." *Atley v. Ault*, 191 F.3d 865, 871 (8th Cir. 1999).

Additionally, § 2254(d)(2) provides a habeas remedy where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). For purposes of a habeas proceeding, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 2254(d)(2), (e)(1); s*ee also Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)

# III.
# STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

To obtain relief based on ineffective assistance of trial counsel, a petitioner must establish (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* The court must then determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." *James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996) (citing *Stacey v. Solem*, 801 F.2d 1048, 1051 (8th Cir. 1986)); *see also Noe v. United States*, 601 F.3d 784, 791 (8th Cir. 2010).

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether sufficient prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Further, the court "should presume, absent

challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

Finally, a court reviewing an ineffective assistance of counsel claim is not required to address both the prejudice and performance components of the *Strickland* inquiry if a petitioner makes an insufficient showing on one component. *Id.* at 697. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

## IV.
## DISCUSSION

A. **Procedural Defaults: Conflict of Interest with Trial Counsel (Ground 2) and Ineffective Assistance of Counsel (Ground 4)**

In his second ground for relief, Howard contends there was an irreconcilable conflict and breakdown of communication between Howard and trial counsel, and that trial counsel was ineffective in failing to admit to the conflict and thus withdraw from the case. Howard alleges the motion court erred in denying his post-conviction relief motion regarding the conflict of interest without an evidentiary hearing. Howard raised this conflict of interest claim in his amended motion for post-conviction relief. Res. Ex. G at 10. He did not raise it on appeal from the denial of post-conviction relief. Res. Ex. A at 10.

In his fourth ground for relief, Howard contends that his trial counsel was ineffective, and sets out eight specific instances of ineffectiveness.[2] Howard alleges that the motion court erred

---

[2] Howard alleges that his trial counsel failed to: (1) obtain disciplinary files for Officers Tabers, Cissell, Baker, and Evenson to prove a pattern of abusive behavior and violence and therefore, establish a motive for the officers to lie in court (Doc. 1 at 21); (2) properly investigate and depose the State's witnesses (Doc. 1 at 22); (3) subpoena the booking photo of petitioner to illustrate injuries caused by police officers (Doc. 1 at 23); (4) file a motion to suppress

7

in denying his motion for post-conviction relief regarding the ineffectiveness of trial counsel without conducting an evidentiary hearing. Howard claims if the motion court had conducted an evidentiary hearing regarding his claims, he would have been entitled to relief. Howard did not raise these particular ineffective assistance of counsel claims in his appeal from the denial of post-conviction relief. Res. Ex. G at 10; Res. Ex. A at 10.

Section 2254(b)(1)(A) provides that an application for writ of habeas corpus should not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This requires the prisoner to give a state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Failure by a prisoner to raise a post-conviction claim on appeal in state court constitutes abandonment of that claim and creates a procedural bar to federal habeas consideration. *Sweet v. Delo,* 125 F.3d 1144, 1150 (8th Cir. 1997). However, the Supreme Court has explicitly recognized two exceptions to this general rule. In *Coleman v. Thompson*, the Supreme Court stated:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice."

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

Because Howard failed to appeal Grounds 2 and 4, they are barred unless he can meet one of the two *Coleman* exceptions. Here, the only cause Howard states for the failure to appeal

---

identification (Doc. 1 at 23); (5) present medical records showing injuries caused by arresting officers (Doc. 1 at 24); (6) strike a juror who had been robbed numerous times (Doc. 1 at 24); (7) effectively cross-examine witnesses during trial (Doc. 1 at 25); and (8) object to the prosecutor's misconduct at trial (Doc. 1 at 26).

these claims was that post-conviction appeal counsel refused to include the claims in his Rule 29.15 appeal. In *Murphy v. King*, the basis for the petitioner's claim had similarly been available to counsel, yet not included on appeal in the state courts. 652 F.3d at 849. The Eighth Circuit held "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." *Id.* at 850 (citing *Murray v. Carrier*, 477 U.S. 478, 486 (1986)); *see also Oglesby v. Bowersox*, 592 F.3d 922, 925 (8th Cir. 2010) (noting that "ineffective assistance of postconviction counsel is not a cause for procedural default") and *Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir. 1996) ("To establish cause, [petitioner] must show something beyond the control of postconviction counsel, like State interference, actually prevented postconviction counsel from raising the claims and presenting the evidence in state court.")).

Aside from post-conviction appeal counsel's decision to not include these claims in his state appeal, Howard fails to present any other cause for procedural default. Because Howard cannot show cause for his state court default, the Eighth Circuit has held this Court need not decide whether Howard suffered actual prejudice. *Zeitvogel*, 84 F.3d 276 at 279. Howard's claim does not meet the cause and prejudice exception.

The Supreme Court has held that "even if a state prisoner cannot meet the cause and prejudice standard, a federal court may hear the merits of the successive claims if the failure to hear the claims would constitute a miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The fundamental miscarriage of justice exception, also known as the actual innocence exception, "enables a federal habeas court to consider the merits of a defaulted claim when the petitioner makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997,

999 (8th Cir. 1995) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To fall within the fundamental miscarriage of justice exception, a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy,* 652 F.3d at 850 (*Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). Here, Howard makes no claims of actual innocence. He also presents no new evidence that would make a showing of a constitutional violation that resulted in the conviction of an actually innocent person. Therefore, Howard's claims do not meet the fundamental miscarriage of justice exception.

Because Howard failed to appeal the claims that form the basis for Grounds 2 and 4, and because he failed to show either a valid cause for the omission or a resulting fundamental miscarriage of justice, this claim is procedurally barred and thus not cognizable.

**B.    Motion Court's Failure to Conduct Evidentiary Hearing (Ground 1)**

In his Rule 29.15 motion for post-conviction relief, Howard claimed that his trial counsel was ineffective in failing to investigate and call to testify a woman named "Marcella" or "Marsalla." Res. Ex. J at 3. The motion court rejected this claim, and the appellate court affirmed. *Id.* at 1-2. Howard argues that the motion court erred by denying his claim without holding an evidentiary hearing. (Doc. 1 at 5.) Howard claims that had the motion court conducted an evidentiary hearing, the evidence presented would have entitled him to relief. Res. Ex. G at 10.

Howard claims that he informed trial counsel about a witness, and that he provided the name of the witness. According to the trial transcript before voir dire, the court asked Howard whether he had provided names of any potential witnesses. He responded that he "told [Howard's trial counsel] where people lived at apartment numbers. She would have to do

10

discussing [sic] and ask them . . . I don't know their names." Res. Ex. E at 15. However, at his sentencing on October 26, 2006, Howard told the court he had names of witnesses whom he wanted trial counsel to call and he claimed that there was one witness called Marcellus. *Id*. at 293-94.

In his amended Rule 29.15 motion, Howard stated that "Marcella" or "Marsalla" had informed Howard's mother that, though she had not witnessed a robbery, she "had seen some officers handling a person very roughly." Res. Ex. J at 4. The court noted, however, that Howard never alleged he was the person police "handled roughly" nor that the referenced police officers were the same officers who arrested him. *Id*. The court also noted that Howard never alleged in his Rule 29.15 motion that the supposed witness would be available and willing to testify. *Id*.

In his relevant claims to the motion court, Howard alleged that "he received ineffective assistance of counsel in that counsel failed to locate and call witnesses in the trial." Res. Ex. I at 83. However, the motion court noted that:

> The Court inquired into this particular issue prior to the trial. First, the defendant was unable to provide the attorney, or the Court with names of any potential witnesses. When the Court inquired of Ms. Pew [trial counsel], it was revealed that no names were ever provided to defense counsel concerning possible witnesses. In fact, the movant specifically told defense counsel that his family was trying to locate witnesses and that she (trial counsel) could not personally go hang out at a club to try to find this guy. Trial counsel completed reasonable professional investigations based on all the information she was provided.

*Id*. at 83.

When considering a habeas corpus petition, this Court examines the record to determine whether the relevant decision of the state court was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. §

2254(d)(1); *Owsley*, 234 F.3d at 1057. Here, the motion court identified *Strickland* as the governing standard, Res. Ex. I at 82, and thus the motion court's decision was not contrary to clearly established federal law. Therefore, this Court must determine whether the motion court unreasonably applied the *Strickland* principles in deciding Howard's claim.

Having identified the correct governing legal principle, the motion court determined that Howard's arguments did not satisfy the first prong of *Strickland*, requiring that "counsel's representation fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. Because the trial court determined that Howard had not provided any names or addresses of potential witnesses to trial counsel prior to his conviction, and because Howard specifically told trial counsel that she could not personally "try to find this guy," the motion court found that the trial counsel had "completed reasonable professional investigations based on all the information she was provided." Res. Ex. I at 83. The Missouri Court of Appeals also found that the record refutes Howard's claim that trial counsel was aware of "Marcella" or "Marsalla" before trial, that the alleged witness could have been found through a reasonable investigation, and that the witness would have testified at trial and provided a valuable defense. Res. J at 4-5. The Court of Appeals ruled that "[t]he motion court's findings of fact and conclusions of law are supported by the record. The motion court did not err in denying Movant's Rule 29.15 motion for post-conviction relief without an evidentiary hearing." *Id.* at 6.

The motion court appropriately examined the facts in light of the first prong of *Strickland* and properly determined that trial counsel's performance did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. Furthermore, Howard fails to rely on any Supreme Court cases that support his contention that his trial counsel was ineffective within the standards set by *Strickland*, and that this warrants habeas relief.

Assuming *arguendo* that Howard had proved to the motion court that trial counsel's performance fell below an objective standard of reasonableness, he fails to show that the performance prejudiced his defense. "[F]ailing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." *Kramer v. Kemma*, 21 F.3d 305, 309 (8th Cir. 1994). However, "[t]his does not automatically lead to a conclusion that counsel was ineffective." *United States v. Vazquez-Garcia*, 211 Fed. Appx. 544, 546 (8th Cir. 2007) (citing *Kramer*, 21 F.3d at 309). The petitioner still needs to "make a substantial showing that, but for counsel's failure to interview … the witness[] in question, there is a reasonable probability that the result of his trial would have been different." *Id.* (quoting *Kramer*, 21 F.3d at 309).

In *Vazquez-Garcia*, the petitioner, Vazquez, alleged that his trial counsel was ineffective when he refused to call an alleged witness to the stand who would supposedly have testified that Vazquez was not involved in the conspiracy that led to his conviction. *Id.* at 545. Vazquez failed to provide affidavits or any other information supporting his claims. *Id.* at 546. The court held that Vazquez had "not provided any independent evidence to the court as to what Morales would have allegedly said had [he] been interviewed or called to testify." *Id.* (citing *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989)). The court in *Vasquez* recognized the deferential standard when reviewing conduct of counsel, and declined "to find prejudice in [a] situation when there is no evidence other than speculation to support the finding." *Id.* (citing *Sanders*, 875 F.2d at 210 ("Nothing would encourage a proliferation of ineffectiveness of counsel claims more than to permit an accused to establish the prejudice prong of Strickland on a showing of nothing more than speculation that he had been prejudiced by his counsel's performance.")).

Here, Howard did not provide any affidavits or independent evidence aside from speculation that would support the supposed testimony of the potential witness. Therefore, undersigned declines to find prejudice where there is no evidence other than speculation to support the finding. Furthermore, even if Howard had produced more than mere speculation regarding potential testimony, the motion court noted:

> According to the movant's own admission, the only testimony this witness could provide was that she had not witnessed a robbery that day and that she had seen some officers handling a person very roughly. Even if the movant provided the trial attorney with identifying information for this person, her testimony would not have changed the outcome of the case. Counsel cannot be ridiculed for failing to call or interview a witness whose testimony was not in contradiction to the State's testimony. Had counsel located "Marcella", it is unlikely she would have called her as a witness as her testimony would not have offered any evidence as to the robbery or the unlawful use of a weapon charge, but it would have simply corroborated the State's evidence regarding the resisting arrest charge.

Res. Ex. I at 83-84. The motion court determined that Howard was not prejudiced by trial counsel's failure to call a witness because there was not a reasonable probability that the result of the trial would have been different had the witness testified. *Id.* at 84. The Missouri Court of Appeals affirmed this decision, also finding that Howard was not prejudiced. Res. Ex. J at 6. In considering the totality of the evidence before the state court, *see Strickland,* 466 U.S. at 695, the undersigned cannot say that the motion court unreasonably applied the *Strickland* principles to Howard's case. Accordingly, Howard's Ground 1 is without merit.

**C. The Trial Court's Failure to Instruct the Jury on Robbery in the Second Degree (Ground 3)**

In Ground 3, Howard claims that the trial court erred when it refused to instruct the jury on robbery in the second degree because there was evidence to acquit on robbery in the first degree. In his direct appeal, Howard contended that "the trial court was obligated to instruct the jury on the lesser included offense of second-degree robbery because the evidence gave the jury

14

a basis to acquit him of first-degree robbery and find him guilty of second-degree robbery." Res. Ex. F at 7. Howard claimed this is so because there was no evidence that property was taken by force or use of, or by threatening the immediate use of, a dangerous weapon.

The two victims, Sheets and Groves, stated they felt threatened by Howard because they believed he was carrying a weapon. *Id.* at 2. When Howard unbuttoned his jacket and stuck his hand in his waistband, Sheets saw a dark object in Howard's hand that he thought to be a gun. *Id.* Groves also believed Howard had a weapon since Howard's hand was under his jacket as he questioned them. *Id.* However, when the victims reported the incident to the Bel-Ridge police department, Groves' written statement failed to mention that Howard had his hand in his waistband during the robbery. *Id.* at 4. Although the written statement did not mention a weapon, an arresting officer recalled that one or both of the victims verbally stated that Howard had some sort of weapon. *Id.* at 7. Furthermore, when police tried to arrest Howard just hours after the reported robbery, Howard pulled out a knife with a five-inch blade. *Id.* at 5. Police believed Howard pulled the knife from his waistband. *Id.* Later, police also recovered a piece of asphalt from Howard's person. *Id.*

Howard contends that the trial court erred by not instructing the jury on the lesser offense of second-degree robbery because Groves' written statement failed to mention a weapon. As previously discussed, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Owsley*, 234 F.3d at 1057. Therefore, to obtain habeas relief, Howard must be able to point to a Supreme Court precedent that he believes the Missouri courts

acted contrary to or unreasonably applied. *Evenstad v. Carlson,* 470 F.3d 777, 783 (8th Cir. 2006). Howard fails to meet this burden in Ground 3.

The Eighth Circuit has often noted that "the Supreme Court has never held that there is a constitutional requirement that lesser-included offense instructions be given in noncapital cases." *Carney v. Fabian*, 487 F.3d 1094, 1097 (8th Cir. 2007); *see also Dickerson v. Dormire*, 2 Fed. Appx. 695 (8th Cir. 2001). Because there is no federal precedent requiring a trial court to instruct the jury on a lesser offense in a noncapital case, a trial court's refusal to so instruct the jury cannot be considered contrary to clearly established federal law. The Eighth Circuit specified that whether there was sufficient evidence to support a lesser offense instruction is a matter of state law and "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Green v. Groose*, 959 F.2d 708, 709 (8th Cir. 1992) (quoting *Estelle v. McGuire*, 502 U.S. 62, 112 (1991) (internal citations omitted)). Thus, the failure by a state court to properly instruct a jury on a lesser offense "does not present a constitutional question cognizable on federal habeas review." *Id.* (quoting *Turner v. Armontrout*, 922 F.2d 492, 494 (8th Cir. 1991)). Accordingly, Howard's Ground 3 is not cognizable because it does not implicate federal law.

## V.
## CONCLUSION

For the reasons set forth above, the undersigned finds that Howard's Grounds 2, 3, and 4 are not cognizable pursuant to federal habeas review and that Ground 1 is without merit. The undersigned further finds the grounds asserted by Howard do not give rise to any issues of constitutional magnitude. Because Howard has made no showing of a denial of a constitutional right, he is not entitled to a certificate of appealability in this matter. See 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the § 2254 Petition filed by Devlyn Howard for habeas corpus pursuant be **DENIED**. (Doc. #1.)

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Devlyn Howard for a Certificate of Appealability be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 23rd day of July 2012.

/s/Nannette Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE