UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVLYN HOWARD, | ) |
|     Petitioner, | ) |
| v. | )    Cause No. 4:09 CV 1999 RWS |
| TROY STEELE, | ) |
|     Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation that I deny Petitioner Devlyn Howard's writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Nannette A. Baker for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On July 23, 2012, Judge Baker filed her recommendation that Howard's habeas petition should be denied and no certificate of appealability be issued. Howard timely filed his objections to the Report and Recommendation [#22]. Under 28 U.S.C. § 636(b)(1)(C) I am required to conduct a *de novo* review of those portions of the Report and Recommendation to which Morris-Bey objects.

I have conducted a *de novo* review of all matters relevant to the petition. Based on that review, I will adopt and sustain Judge Baker's Report and Recommendation. Judge Baker correctly determined that Grounds 2 and 4 of his habeas petition were procedurally defaulted for failing to raise them on appeal from the denial of post-conviction relief. Although petitioner argues that the ineffectiveness of his post-conviction appellate counsel's performance cured his procedural default, that rule does not apply in cases such as this one involving "appeals from initial-review collateral proceedings . . . ." Martinez v. Ryan, 132 S.Ct. 1309, 1320 (2012)

(reaffirming the holding from Coleman v. Thompson, 501 U.S. 722, 754 (1991), that ineffectiveness of post-conviction appellate counsel cannot constitute cause sufficient to cure procedural default). All of Howard's remaining objections relate to Ground 3 of his petition. However, Judge Baker correctly decided that Howard is not entitled to habeas relief on that ground because the failure by a state court to properly instruct a jury on a lesser offense "does not present a constitutional question cognizable on federal habeas review." Green v. Groose, 959 F.2d 708, 709 (8th Cir. 1992) (internal quotation marks and citation omitted). Howard's objections are without merit and will be overruled. As a result, I will deny Howard's petition. Finally, as Howard has not made a substantial showing of the denial of a constitutional right, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation filed on July 23, 2012 [#19] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** Petitioner Devlyn Howard's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FINALLY ORDERED that** the Court will not issue a certificate of appealability. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                                            RODNEY W. SIPPEL
                                                                            UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2012.